UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 15-9424-ODW (KK) | Date | December 11, 2015 |
|---|---|---|---|
| Title | Richard Abelar v. Amy Miller | | |

| Present: The Honorable | Kenly Kiya Kato, United States Magistrate Judge | |
|---|---|---|
| Deb Taylor | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Petitioner: | | Attorneys Present for Respondent: |
| n/a | | n/a |

**Proceedings:** (In Chambers) Order To Show Cause Why This Action Should Not Be Dismissed As Untimely and/or Due to Failure to Exhaust

## I.
## INTRODUCTION

Petitioner Richard Abelar ("Petitioner"), an inmate at Centinela State Prison proceeding pro se, has filed a Petition for Writ of Habeas Corpus ("Petition") by a Person in State Custody pursuant to 28 U.S.C. § 2254. However, the Petition appears subject to dismissal because (1) it is untimely on its face; and (2) as indicated in the Petition, Petitioner has not exhausted his state remedies with respect to the grounds raised in his Petition. The court will not make a final determination regarding whether the federal Petition should be dismissed, however, without giving petitioner an opportunity to address these issues.

Accordingly, the court hereby issues this **Order to Show Cause why the Petition should not be dismissed**, and specifically orders petitioner to respond to the Order to Show Cause in writing by no later than **January 11, 2016**. The court further directs petitioner to review the information that follows, which provides additional explanation as to why the federal Petition appears to be subject to dismissal and may assist petitioner in determining how to respond.

## II.
## BACKGROUND

On April 4, 2012, following a jury trial in California Superior Court for the County of Los Angeles, Petitioner was convicted of second degree murder in violation of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9424-ODW (KK) | Date | December 11, 2015 |
|---|---|---|---|
| Title | Richard Abelar v. Amy Miller | | |

California Penal Code section 187(a). ECF Docket No. ("Dkt.") 1, Pet. at 2[1]; see also People v. Abelar, No. B241346, 2013 WL 4835162, at *3 (Cal. Ct. App. Sept. 11, 2013), review denied (Dec. 11, 2013).[2] The jury also found Petitioner committed the offense for the benefit of, at the direction of a criminal street gang in violation of California Penal Code section 186.22(b)(1). Id. On May 18, 2012, Petitioner was sentenced to a term of fifteen years to life. Pet. at 2.

Petitioner appealed his conviction to the California Court of Appeal raising two claims: (1) aider and abettor instructional error; and (2) erroneous admission of evidence. Id. On September 11, 2013, the California Court of Appeal affirmed Petitioner's conviction. Id. at 3. On December 11, 2013, the California Supreme Court denied Petitioner's petition for review. Id.

On February 13, 2015, Petitioner filed a habeas petition with the California Court of Appeal, case number B261920, raising the same claims "as those raised in this petition." Id. at 3-4. On March 20, 2015, the California Court of Appeal denied the petition. Id. at 4.

On April 10, 2015, Petitioner constructively[3] filed a federal Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 in this Court in case number 2:15-cv-03136-ODW-KK setting forth eight grounds for relief: (1) ineffective assistance of counsel for "failure to request instruction and argue for an assault verdict" ("Claim One"); (2) instructional error regarding heat of passion defense ("Claim Two"); (3) ineffective assistance of counsel for "failure to request instruction and make argument" regarding aiding and abetting ("Claim Three"); (4) ineffective

---

[1]    The Court refers to the Petition's pages as if they were consecutively numbered.

[2]    The Court takes judicial notice of Petitioner's prior proceedings in this Court and in the state courts. See In re Korean Air Lines Co., 642 F.3d 685, 689 n.1 (9th Cir. 2011).

[3]    Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the Court deems the pleading constructively filed on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted). Here, Petitioner signed the first federal petition on April 10, 2015. Thus, the Court deems April 10, 2015 the filing date of the petition in case number2:15-cv-03136-ODW-KK.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9424-ODW (KK) | Date | December 11, 2015 |
|---|---|---|---|
| Title | Richard Abelar v. Amy Miller | | |

assistance of counsel for "failure to call a gang expert" ("Claim Four"); (5) insufficient evidence for sentencing enhancement ("Claim Five"); (6) violation of the Confrontation Clause ("Claim Six"); (7) instructional error regarding aider and abettor liability ("Claim Seven"); and (8) insufficient evidence supporting Petitioner's conviction ("Claim Eight"). See Abelar v. Miller, 2:15-cv-03136-ODW-KK, Dkt. 1. On April 30, 2015, the Court issued an Order Directing Petitioner to File Response Regarding Exhaustion, because Petitioner admitted in the petition that only Claims Seven and Eight were exhausted. See 2:15-cv-03136-ODW-KK, Dkt. 4. Petitioner failed to respond to the Court's April 30, 2015 Order. Hence, on June 8, 2015, the Court summarily dismissed the action without prejudice because the petition contained claims that had not been exhausted in state court. See 2:15-cv-03136-ODW-KK, Dkt. 5, 6.

On November 29, 2015, Petitioner constructively[4] filed the instant Petition. Id. at 8. The Petition raises six claims: (1) ineffective assistance of counsel for "failure to request instruction and argue for an assault verdict" (Claim One); (2) instructional error regarding heat of passion defense (Claim Two); (3) ineffective assistance of counsel for "failure to request instruction and make argument" regarding aiding and abetting (Claim Three); (4) ineffective assistance of counsel for "failure to call a gang expert" (Claim Four); (5) insufficient evidence for sentencing enhancement (Claim Five); and (6) violation of the Confrontation Clause (Claim Six). Id. at 9-88. The Petition appears to be identical to the first federal petition, with the exception of the date it was signed and that the instant Petition omits page 89, which in the prior petition contained Claims Seven and Eight, the only exhausted claims (see 2:15-cv-03136-ODW-KK, Dkt. 1 at 89). This omission appears to be accidental, because in the instant Petition, Petitioner states: "The claims will soon be presented to the California Supreme Court in a habeas petition. Only claims 7-8 were presented to that Court and denied in a petition for review on 12-11-13." Pet. at 6.

///
///
///
///

---

[4] Petitioner signed the Petition on November 29, 2015. Pet. at 45. Thus, the Court deems November 29, 2015 the Petition's filing date.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9424-ODW (KK) | Date | December 11, 2015 |
|---|---|---|---|
| Title | Richard Abelar v. Amy Miller | | |

## III.
## DISCUSSION

**A.    THE PETITION IS UNTIMELY ON ITS FACE**

   **1.    The Petition Was Filed After AEDPA's One-Year Limitations Period.**

   Petitioner filed the Petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Id. at 45. Therefore, the requirements for habeas relief set forth in AEDPA apply. Soto v. Ryan, 760 F.3d 947, 956-57 (9th Cir. 2014). AEDPA "sets a one-year limitations period in which a state prisoner must file a federal habeas corpus petition." Thompson v. Lea, 681 F.3d 1093, 1093 (9th Cir. 2012) (citation omitted). Ordinarily, the limitations period runs from the date on which the prisoner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1) ("Section 2244(d)(1)"). "When, on direct appeal, review is sought in the state's highest court but no petition for certiorari to the United States Supreme Court is filed, direct review is considered to be final when the certiorari petition would have been due, which is ninety days after the decision of the state's highest court. Porter v. Ollison, 620 F.3d 952, 958-59 (9th Cir. 2010) (citations omitted).

   Here, Petitioner's conviction became final on March 11, 2014, i.e., ninety days after the California Supreme Court denied Petitioner's petition for review on December 11, 2013. Porter, 620 F.3d at 958-59. AEDPA's one-year limitations period commenced the next day, March 12, 2014, and expired on March 12, 2015. 28 U.S.C. § 2244(d)(1). However, Petitioner filed the Petition on November 29, 2015. Pet. at 8. Therefore, in the absence of any applicable tolling, the Court deems the Petition untimely by over eight months under Section 2244(d)(1). Thompson, 681 F.3d at 1093.

   **2.    Statutory Tolling Does Not Render The Petition Timely.**

   "A habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2) ("Section 2244(d)(2)")). Statutory tolling does not extend to the time between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9424-ODW (KK) | Date | December 11, 2015 |
|---|---|---|---|
| Title | Richard Abelar v. Amy Miller | | |

challenge because, during that time, there is no case "pending." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

However, "[a] petitioner who unreasonably delays in filing a state habeas petition would not be granted the benefit of statutory tolling because the petition would not be considered 'pending' or 'properly filed' within the meaning of § 2244(d)(2)." Id. (citations omitted). Failure to file a subsequent state habeas petition within a reasonable time period precludes statutory tolling. Evans v. Chavis, 546 U.S. 189, 201, 126 S. Ct. 846, 854, 163 L. Ed. 2d 684 (2006) (holding unreasonable a delay exceeding sixty days because "most States" allow delays of only thirty to sixty days); Stewart v. Cate, 757 F.3d 929, 937 (9th Cir. 2014) (holding unreasonable a delay of 100 days); Chaffer v. Prosper, 592 F.3d 1046, 1048 (9th Cir. 2010) (holding unreasonable delays of 101 days and 115 days). Moreover, "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed." Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (citation omitted).

An application for federal habeas corpus review is not an "application for State post-conviction or other collateral review" within the meaning of Section 2244(d)(2). Section 2244(d)(2) therefore does not toll the AEDPA limitation period during the pendency of a petitioner's federal habeas petition. Duncan v. Walker, 533 U.S. 167, 181-82, 121 S. Ct. 2120, 2129, 150 L. Ed. 2d 251 (2001).

Here, AEDPA's one-year statute of limitations commenced on March 11, 2014 and ran for 339 days before Petitioner filed his first state habeas petition on February 13, 2015. 28 U.S.C. § 2244(d)(1); Pet. at 3. Statutory tolling applied from the date Petitioner filed his first state habeas petition on February 13, 2015 until the California Court of Appeal denied the petition on March 20, 2015. Nedds, 678 F.3d at 780.

Petitioner has not filed any subsequent state habeas petitions. Pet. at 3. Accordingly, AEDPA's one-year statute of limitations recommenced on March 21, 2015, the day after Petitioner's state habeas petition was denied, and expired twenty-six days later on April 16, 2016.

In addition, Petitioner's first federal habeas petition, filed on April 10, 2015, did not toll AEDPA's limitation period. Duncan, 533 U.S. at 181-82.

Accordingly, AEDPA's one-year statute of limitations expired on April 16, 2015.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9424-ODW (KK) | Date | December 11, 2015 |
|---|---|---|---|
| Title | Richard Abelar v. Amy Miller | | |

### 3. Equitable Tolling Does Not Render The Petition Timely.

In addition to the statutory tolling provided for by Section 2244(d)(2), the "AEDPA limitations period may be tolled" when it is "equitably required." Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011) (citations omitted). The "threshold necessary to trigger equitable tolling [under AEDPA] is very high." Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (citation and internal quotation marks omitted). A court may grant equitable tolling only where "'extraordinary circumstances' prevented an otherwise diligent petitioner from filing on time." Forbess v. Franke, 749 F.3d 837, 839 (9th Cir. 2014). The petitioner "bears a heavy burden to show that [he] is entitled to equitable tolling, lest the exceptions swallow the rule." Rudin v. Myles, 781 F.3d 1043, 1055 (9th Cir. 2015) (internal citation and quotation marks omitted).

Here, Petitioner argues he had insufficient library access after his conviction became final, causing research to take "over two months." Pet. at 19-20. Petitioner then states "this petition," though it is possible he is referring to the state habeas petition, "was promptly prepared and typed in September 2014." Id. at 20. Petitioner provides no explanation for the delay between September 2014 and the filing of his first habeas petition in the California Court of Appeal on February 13, 2015, his continued delay in filing a petition with the California Supreme Court, or the delay in filing the instant Petition over five months after the expiration of AEDPA's one-year statute of limitations. Thus, while the Court makes no finding at this point, even assuming tolling for the two months during which Petitioner had insufficient library access, equitable tolling does not render the Petition timely. Bills, 628 F.3d at 1097.

***

As such, based upon the Petition as currently submitted, 28 U.S.C. § 2244(d)(1) appears to bar this action. Petitioner is therefore **ORDERED TO SHOW CAUSE** why this action should not be dismissed as untimely by filing a written response **no later than January 11, 2016**.

### B. THE PETITION IS UNEXHAUSTED

If Petitioner contends the Petition is in fact timely, he must also show cause why this action should not be dismissed for failure to exhaust state court remedies.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9424-ODW (KK) | Date | December 11, 2015 |
|---|---|---|---|
| Title | Richard Abelar v. Amy Miller | | |

**1. The Exhaustion Requirement.**

A state prisoner must exhaust his or her state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his or her federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the petitioner's federal rights. Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam). A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. O'Sullivan, 526 U.S. at 845.

For a petitioner in California state custody, this generally means the petitioner must have fairly presented his or her claims in a petition to the California Supreme Court. See id. (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882,888 (9th Cir. 1999) (applying O'Sullivan to California). A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim." Gatlin, 189 F.3d at 888.

Moreover, the inclusion of both exhausted and unexhausted claims in a federal habeas petition renders it mixed and subject to dismissal without prejudice. See Rose v. Lundy, 455 U.S. 509, 522, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).

**2. The Petition Is Unexhausted.**

In this case, Petitioner raises six claims for relief in the Petition. Petitioner admits these six claims have not been exhausted. Pet. at 6. Petitioner states these "claims will soon be presented to the California Supreme Court." Id. Therefore, it appears the California Supreme Court has not ruled on any of the grounds Petitioner raises in the instant Petition, and thus none of the grounds raised have been exhausted. If this is correct, the Petition is subject to dismissal.

**3. Petitioner's Options to Address the Exhaustion Issue.**

**Option 1**: If Petitioner contends he has in fact exhausted his state court remedies on Claims One through Six, he should clearly explain this in a response to this Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9424-ODW (KK) | Date | December 11, 2015 |
|---|---|---|---|
| Title | Richard Abelar v. Amy Miller | | |

Petitioner should attach to his response copies of any documents establishing that Claims One through Six are indeed exhausted.  (Petitioner may also file a response, and include a notice that, if the court still finds the petition to be unexhausted, he alternatively selects one of the other options discussed below.)

**Option 2**:  Petitioner may file a Motion for Leave to file a First Amended Petition that includes only the exhausted Claims Seven and Eight.  The Court advises Petitioner that if he elects to proceed now with only his exhausted claims, any future habeas petitions containing Claims One through Six or other claims that could have been raised in the instant Petition may be rejected as successive (or may be time-barred).  Petitioner must attach a copy of the proposed First Amended Petition to his Motion.

**Option 3**:  Petitioner may file a Motion for Leave to file a First Amended Petition that includes only the exhausted Claims Seven and Eight and request a stay pursuant to Kelly v. Small, 315 F.3d 1063, 1070-71 (9th Cir. 2003) ("Kelly stay").  Petitioner must attach a copy of the proposed First Amended Petition to his Motion.

Pursuant to Kelly v. Small, 315 F.3d 1063, 1070-71 (9th Cir. 2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007), Petitioner may ask the Court to stay his Petition with only the fully exhausted claims while he returns to the state courts to exhaust Claims One through Six.  The Court advises Petitioner, however, that "[a] petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely.  And demonstrating timeliness will often be problematic under the now-applicable legal principles."  King v. Ryan, 564 F.3d 1133, 1140-41 (9th Cir. 2009).  Additionally, a petitioner may only amend a new claim into a pending federal habeas petition after the expiration of the limitations period if the new claim shares a "common core of operative facts" with the claims in the pending petition.  Mayle v. Felix, 545 U.S. 644, 659, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005).

**Option 4**:  Petitioner may file a Motion for Leave to file a First Amended Petition that includes both the unexhausted Claims One through Six and the exhausted Claims Seven and Eight.  Petitioner must attach a copy of the proposed First Amended Petition to his Motion.  If the proposed First Amended Petition includes both the exhausted and unexhausted claims, Petitioner must also request a stay pursuant to Rhines v. Weber, 544 U.S. 269, 277-78, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005) ("Rhines stay").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9424-ODW (KK) | Date | December 11, 2015 |
|---|---|---|---|
| Title | Richard Abelar v. Amy Miller | | |

Pursuant to Rhines v. Weber, 544 U.S. 269, 277-78, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), Petitioner may ask the Court to stay all of the claims in a mixed petition while he returns to the state courts to exhaust his already pled but unexhausted claims. To obtain a stay of this case pursuant to Rhines, Petitioner is required to: (i) show good cause for his failure to exhaust Claims One through Six in state court earlier; and (ii) show that Claims One through Six are not "plainly meritless." See id. at 277. Petitioner should include any evidence available in support of his request for a Rhines stay.

If the Court denies Petitioner's request for a Rhines stay, the Motion for Leave to Amend will be denied because the proposed amended petition is a mixed petition containing both exhausted and unexhausted claims. However, Petitioner also may request a Rhines stay, and include a notice that, if the Court denies the Rhines stay, he alternatively selects one of the other options.

## IV.
## ORDER

A. Petitioner is therefore ORDERED TO SHOW CAUSE why this action should not be dismissed as untimely by filing a written response **no later than January 11, 2016**.

B. If Petitioner contends the Petition is timely, Petitioner must also respond to this Order pursuant to one of the following options listed above, **no later than January 11, 2016**.

 1) In order to select Option 1, Petitioner must file a response to this Order showing Claims One through Six are exhausted.

 2) In order to select Option 2, Petitioner must (a) file a Motion for Leave to Amend, and (b) attach a proposed First Amended Petition.

 3) In order to select Option 3, Petitioner must (a) file a Motion for Leave to Amend, (b) attach a proposed First Amended Petition, and (c) request a Kelly stay.

 4) In order to select Option 4, Petitioner must (a) file a Motion for Leave

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9424-ODW (KK) | Date | December 11, 2015 |
|---|---|---|---|
| Title | Richard Abelar v. Amy Miller | | |

to Amend, (b) attach a proposed First Amended Petition, and (C) request a <u>Rhines</u> stay, which must (i) show good cause for his failure to exhaust Claims One through Six in state court earlier; and (ii) show that Claims One through Six are not "plainly meritless."

If Petitioner chooses Options 2, 3 or 4, the proposed First Amended Complaint (a) must use the form provided and write "First Amended" above the words "Petition for Writ of Habeas Corpus"; and (b) must include the case number (CV 15-9424-ODW (KK)) in the space provided on the first page. Petitioner is advised that the First Amended Petition will supersede all preceding petitions. After amendment, the Court will treat all preceding petitions as nonexistent. Hence, the proposed First Amended Petition must contain all claims Petitioner intends to present and be complete without reference to the Petition, or any other pleading, attachment, or document. **A copy of the Petition (dkt. 1) and a blank petition for writ of habeas corpus by a person in state custody form (CV-69) is attached for Petitioner's convenience.**

**Caution:** Petitioner is cautioned that if he requests a stay and the Court denies the request for a stay, or if Petitioner contends that he has in fact exhausted his state court remedies on all grounds and the Court disagrees, the Court will dismiss the Petition as a mixed petition. Accordingly, Petitioner may select options in the alternative.

Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). **A Notice of Dismissal form is attached for Petitioner's convenience.** However, Petitioner is advised that any dismissed claims may be later subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), as amended by AEDPA, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."

The Court expressly warns Petitioner that failure to timely file a response to this Order will result in the Court dismissing this action with prejudice for his failure to comply with court orders and failure to prosecute. <u>See</u> Fed. R. Civ. P. 41(b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9424-ODW (KK) | Date | December 11, 2015 |
|---|---|---|---|
| Title | Richard Abelar v. Amy Miller | | |

**The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.**